**JAMES et ux. v. MONROE GROCER CO., Limited, et al.**

**No. 5528.**

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Rehearing Denied Jan. 28, 1938.

Theus, Grisham, Davis & Leigh, of Monroe, for appellants.

Harry V. Booth and Chas. B. Emery, both of Shreveport, for appellees.

DREW, Judge.

This is a companion case with that of Andrew R. Smith et ux. against the same defendants, 179 So. 495, No. 5527 on the docket of this court and decided by us this day. The cases were consolidated for trial.

We have adopted the opinion of the lower court in case No. 5527, and, for the reasons assigned therein, we adopt the opinion of the lower court in this case. It is as follows:

"The issues in this case being the same as those in the companion case, No. 10340 (No. 5527 in this court), and those issues having been duly discussed in the written opinion in that case, for the reasons assigned for judgment in favor of the plaintiffs in that case, the plaintiffs in this

suit are entitled to recover judgment in their behalf and against the defendants, for all such damages as they sustained on account of the death of their son, Oscar James.

"Plaintiffs itemize their damages as follows:

| | |
|---|---|
| For loss of love and companionship of their said son | $ 3,000.00 |
| For loss of maintenance and support | 5,000.00 |
| For shock, grief and suffering caused by the news of his untimely and sudden death | 3,000.00 |
| For funeral and burial expenses | 250.00 |
| Total | $11,250.00 |

 "Oscar James was 18 years, 9 months, and 5 days old at the time of his death. He had resided in the home of his parents all of his life and was greatly beloved by them. His character appears to have been above reproach and his conduct was such as to endear him to a large number of friends. He was a sturdy worker, and contributed of his earnings to the support of his parents and other members of his family. He was earning $30 per month at the time of his death, and was contributing $25 per month of said amount to the support of his family. Just how long this contribution would have continued nobody knows; but it is certain that his parents suffered a great financial loss when he died. And that is not all, they have suffered untold grief over his death. The same amount of damages will be allowed in this case as was allowed in suit No. 5527, that is, $8,000, with legal interest from judicial demand until paid, and all costs of this suit.

"Plaintiffs failed to make proof of the item of funeral and burial expenses, and their demand for such expenses will be rejected.

"Therefore, for the reasons assigned, the plaintiffs, William E. James and Mrs. Daisy Fletcher James, should have judgment in their favor and against the defendants, Monroe Grocer Company, Limited, and the Trinity Universal Insurance Company, in solido, for the full sum of $8,000, with 5 per centum per annum interest thereon from judicial demand until paid, to be divided equally between them. The defendants to pay all costs of this suit."

The judgment of the lower court is therefore affirmed.